UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RYAN M.,<br><br>                Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | CASE NO. C19-5908-BAT<br><br>**ORDER REVERSING THE COMMISSIONER'S FINAL DECISION** |

      Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. He contends the ALJ misevaluated certain medical opinions and his testimony. Dkt. 10 at 1. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

      Plaintiff is currently 34 years old, has a high school diploma and some college education, and has worked as a courier, warehouse order puller, and IT consultant. Tr. 39-42, 183. In May 2016, he applied for benefits, alleging disability as of September 3, 2013. Tr. 149-50. His application was denied initially and on reconsideration. Tr. 92-94, 96-97. The ALJ conducted a hearing in July 2018 (Tr. 35-58), subsequently finding Plaintiff not disabled. Tr. 15-30. As the

Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision.  Tr. 1-6.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:**  Plaintiff has not engaged in substantial gainful activity since the alleged onset date.

**Step two:**  Plaintiff has the following severe impairments: degenerative disc disease, depression, and anxiety.

**Step three:**  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity ("RFC"):**  Plaintiff can perform light work with additional limitations: he can sit, stand, and walk about six hours each in an eight-hour workday.  He can perform simple, routine work, and have superficial contact with co-workers and no contact with the public.

**Step four:**  Plaintiff cannot perform his past work.

**Step five:**  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, he is not disabled.

Tr. 15-30.

## DISCUSSION

**A.    Medical opinions**

Plaintiff challenges the ALJ's assessment of two medical opinions, each of which the Court will address in turn.

**1.    Scott Alvord, Psy.D.**

Dr. Alvord performed a consultative psychological evaluation of Plaintiff in August 2016, describing Plaintiff's symptoms and limitations in a narrative report.  Tr. 328-32.  The ALJ

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION - 2

summarized Dr. Alvord's conclusions, and explained although Dr. Alvord described Plaintiff as having "difficulty" in a number of areas of workplace functioning, these conclusions are unsupported by the longitudinal record, indicating Plaintiff's limitations were "far less restrictive than those assessed by Dr. Alvord[.]" Tr. 26 (citing Tr. 399-401, 403, 409-10, 413-14, 416-18, 425-26, 431, 433-34, 437, 439-40, 449, 452, 455, 458-59, 462, 465, 475-76, 484-86, 493, 496-97, 499, 501-05, 507, 510, 515-16, 520, 523, 525, 527, 529).  The ALJ also found Dr. Alvord's own findings describe Plaintiff as less limited than he found him to be, and that his conclusions appear to be based on Plaintiff's self-reports rather than objective "test scores" or the longitudinal medical record.  Tr. 26.

These reasons are not specific and legitimate.  Dr. Alvord described Plaintiff as having an unquantified amount of "difficulty" in most functional domains (Tr. 332), and the treatment notes cited by the ALJ corroborate (rather than contradict) at least some degree of difficulty in those areas.  Although the ALJ posited Dr. Alvord's own findings contradict his conclusions, most of Dr. Alvord's objective findings do not directly pertain to the difficulties he described, and thus those findings cannot be said to reasonably undermine Dr. Alvord's conclusions. Furthermore, Dr. Alvord's review of treatment records (Tr. 328) and his discussion of Plaintiff's response to treatment (Tr. 331) undermine the ALJ's finding that Dr. Alvord's conclusions were not informed by a review of Plaintiff's "medical file." Tr. 26.  Because the ALJ did not provide legitimate reasons to discount Dr. Alvord's opinion, the ALJ erred in assessing Dr. Alvord's opinion.

**2.     C.W. Kang, M.D.**

Social Security Administration personnel asked a State agency reviewing physician, Dr. Kang, to take another look at the medical record in July 2017, and Dr. Kang completed forms

describing Plaintiff's mental limitations and opining that Plaintiff's limitations became disabling on January 1, 2016, but were not disabling prior to that date. Tr. 356-76. The Social Security Administration purported to adopt Dr. Kang's opinion and find Plaintiff was entitled to a partially favorable decision (Tr. 377), but for reasons that are not indicated in the record, it appears no such decision was ever effectuated.

The ALJ summarized Dr. Kang's opinion and stated he gave it partial weight because his opinion was never effectuated[3] and because it was largely based on Dr. Alvord's evaluation, which the ALJ discounted. Tr. 26-27. That Dr. Kang's opinion was apparently not effectuated is not a legitimate reason to discount Dr. Kang's opinion because there is no information in the record about why it was not effectuated. If it was not effectuated because it, for example, fell through the bureaucratic cracks, that would not undermine the validity of Dr. Kang's opinion. Furthermore, Dr. Kang referenced records beyond Dr. Alvord's opinion (Tr. 376 (citing treatment records)), and, in any event, the ALJ erred in discounting Dr. Alvord's opinion, as discussed *supra*. Accordingly, the Court finds because the ALJ's reasons to discount Dr. Kang's opinion are not legitimate, the ALJ erred in assessing Dr. Kang's opinion and the resulting agency opinion based on Dr. Kang's opinion.

**B.     Plaintiff's testimony**

Plaintiff contends the ALJ failed to provide any reason to discount his allegations of mental limitations. Dkt. 10 at 10-11. This is not entirely accurate, as the ALJ indicated the "[y]ears of therapy notes, objective provider findings, and the claimant's own statements"

---

[3] Earlier in the decision, the ALJ indicated uncertainty about whether the decision was effectuated, explicitly finding that if Plaintiff had been granted benefits as a result of Dr. Kang's opinion, the ALJ's deision "does not disturb the later findings of disability, if such were made." Tr. 15.

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION - 4

indicate that Plaintiff's mental conditions caused "no more than minimal, intermittent limitations in his cognitive and social abilities." Tr. 23.

Plaintiff points to parts of the record that undermine that finding, such as Plaintiff's reports of persistent depression and resulting fatigue and agoraphobia, continued self-harm in the form of cutting, and hygiene/self-care deficits. Dkt. 10 at 12-14. The ALJ's citation to largely normal mental status examination findings does not grapple with the entirety of the treatment record, which continues to describe Plaintiff's experience of functional limitations. In conclusorily finding that the record did not support the existence of disabling limitations, the ALJ did not fully address the entirety of the record or explain why he found certain parts of the record more persuasive than others. Accordingly, the Court finds that the ALJ did not provide clear and convincing reasons to discount Plaintiff's subjective statements.

**C.      Remedy**

Plaintiff contends the ALJ's errors should be remedied by a remand for a finding of disability in light of Dr. Kang's opinion that Plaintiff was disabled as of January 1, 2016. Dkt. 10 at 14-15. Plaintiff's opening brief purports to amend his alleged onset date to January 1, 2016. Dkt. 10 at 14.

The Court finds this remedy is not appropriate because further proceedings would serve the useful purpose of assessing Dr. Kang's opinion in light of the longitudinal record. Dr. Kang's opinion of disability beginning January 1, 2016, was based on a review of Plaintiff's record through July 2017, but it is not clear whether Dr. Kang's opinion is consistent with the record in its entirety, or whether it would at most support a closed period of disability. As the Commissioner noted (Dkt. 11 at 12), the record does not contain any medical evidence dating to January 2016, and thus a finding of disability as of that date would not be based on substantial

1  evidence.  Further proceedings could also serve the useful purpose of uncovering why Dr.

2  Kang's opinion was not effectuated.  Accordingly, because further proceedings would be useful,

3  a remand for a finding of disability is not appropriate.  *See Brown-Hunter v. Colvin*, 806 F.3d

4  487, 495 (9th Cir. 2015).

## CONCLUSION

6  For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is

7  **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

8  On remand, the ALJ shall reconsider the opinions of Drs. Alvord and Kang, as well as the

9  agency opinion based on Dr. Kang's opinion (Tr. 377), and the testimony of Plaintiff; develop

10  the record and redetermine Plaintiff's RFC as needed and proceed to the remaining steps as

11  appropriate.  The ALJ shall also develop the record as to why Dr. Kang's opinion was not

12  effectuated by the agency.

13  DATED this 6th day of May, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge